Curia, per O’Neall, J.
This was an action of assumpsit for money had and received to the plaintiff’s use.. The declaration contains four counts, viz. 1. For $991 92, so much money of the said John and Catharine had and received to the plaintiff’s use. 2. For $514 28, for money due the plaintiff’s wards on a bond executed by Daniel M’Kee, and which bond the defendant, as agent or next friend of the plaintiff’s wards, had collected. 3. *43 For money recovered by the defendant, as next friend of the plaintiff’s wards, in a suit against one Willis Cheek. 4. For damages sustained by the plaintiff, by reason of the defendant’s detention and non-payment of the said several sums of money. The proof upon which the plaintiff recovered, was, that the putative father (Daniel M’Kee) of the wards of the plaintiff, long before the plaintiff’s appointment, 23d May, 1823, on being charged on the oath of the mother, with begetting the bastard children, was under a warrant issued by a justice of the peace arrested, and to settle the prosecution, executed a bond to the defendant for the payment of £10 per annum for ■ 12 years; and thereupon, the defendant and the mother executed to M’Kee their bond to indemnify him. This money was to be paid to the defendant, Brooks, in trust for the children. He received the money. As the next friend of John and Catharine Glenn, the defendant, Brooks, received before the plaintiff’s appointment, under a recovery had against one Willis Cheek, the sum of $45. We shall only consider the first ground taken for a nonsuit. One of the plainest rules of pleading is, that a contract must be set out either in its words or according to its legal effect, 1 C. P. 299, or, as Archbold, at f 22; states it, contracts must be set forth truly; the slightest variation in substance between the contract laid and that proved will be fatal. This rule, it is true, most generally applies to express contracts ; but yet it may reach and govern implied contracts. The three first counts state in substance that the defendant had received the money of the infants, and in consideration thereof, the defendant promised to pay their guardian. The fourth count, being for interest, need not be noticed. Upon the counts framed as the three first are, the plaintiff could only entitle himself to recover by showing three things: 1st, his guardianship ; 2d, the receipt of the money by the defendant; and 3d, an express promise to pay the money to him as guardian. The 3d requisite is wholly wanting here, and for the variance the plaintiff must fail; for, the money received is the money of the infants, and to them the law implies the promise — not to their guardian. They must by him, as their next friend and guardian ad litem, sue for it: 1 C. P. 291; 2 Saund. 117, f. n. 1. And when once, by *44 the judgment of the court, they shall be pronounced entitled to it, then his letters of guardianship will authorise him to direct the collection, and when collected, to receive it.
Irby, for the motion.
Sullivan, contra.
Thé motion for nonsuit is granted.
Gantt, Evans, Richardson, Earle, and Butler, Justices, concurred.